NORTON, Chief Supervisor, *v.* BREWSTER, State Supervisor of Registration.[1]

*(Circuit Court, E. D. Louisiana.    November 1, 1884.)*

1. FEDERAL ELECTIONS—JURISDICTION.
    The jurisdiction of the United States courts must appear of record, and be derived from congressional enactments.
2. SAME—REV. ST. TIT. 26.
    Under title 26 of the Revised Statutes of the United States the circuit court is given jurisdiction at certain elections to appoint supervisors to scrutinize the election, and under title 70, Crimes, to try criminal violations of the laws

[1]Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

of the United States relating to the elections of members of congress, but it nowhere appears that congress has adopted the election and registration laws of any state.

On twenty-seventh October, 1884, the plaintiffs presented to the court a petition, in which they represent themselves to be the chief supervisor of elections for this district, appointed by this court under title 26 of the Revised Statutes of the United States; several of the ward supervisors of election in the city of New Orleans, appointed at the request of the Democratic party; and a number of canvassers appointed by the Democratic party,—for that part of the parish of Orleans within the First congressional district of the state of Louisiana. They allege that a general election is pending, and to take place on fourth November, 1884, for the offices of president and vice-president of the United States, and for members of congress, under the laws of the United States and of the state of Louisiana; that part of the city of New Orleans is in said First congressional district by the laws of Louisiana; that the federal government, through its proper officers, has all of the right of control, inspection, and direction set forth in title 26 of the Revised Statutes of the United States; that under said statutes the law relating to the registration of the voters of Louisiana became and is a part of the law of the United States relating to the registration of voters for said election; that the act No. 123 of the legislature of Louisiana, of 1880, is the said registration law, which provides for the appointment of a supervisor of election for the parish of Orleans, (the parish of Orleans and city of New Orleans have the same geographical boundaries,) and defines his duties, among which he is required to register such persons as are entitled to vote, and to expunge from the list of registered voters all persons who have been committed to prisons as convicts, who have died subsequent to registration, who have departed the state or district, or who have become insane; that he is also required, upon the affidavit of any two *bona fide* citizens who have been appointed by any political party and have been duly sworn to perform their duty as canvassers, and who present to him an affidavit that certain names are fraudulently and illegally registered and should be erased, to investigate the same, and after due proceedings, cause said names to be erased from the registration; that said act further provides that, in case of the failure of the supervisor to so investigate and erase, an appeal may be made to any court of competent jurisdiction, to be tried in the most summary way, etc.; that the circuit court of the United States for the Eastern district of Louisiana, now sitting in special session, is the only court of competent jurisdiction in session within said First congressional district; that Robert Brewster is now the supervisor under the said act, and that the plaintiffs have, under oath, as such officers and canvassers as aforesaid, caused to be made an exact canvass of all that part of the city of New Orleans within the First congressional district, and all the inhabitants thereof, and have ascertained that all of the persons named in the lists herewith presented and filed are contained and exist

upon the books of registration in said parish of Orleans wrongfully and fraudulently, and that said persons have no right to vote; and that these plaintiffs have caused the said lists of names, with the requisite affidavits concerning each name made and sworn to by two officers, and have in all things done every act and given every notice and proof required by law to compel said Brewster to strike said names from the books and lists of registration, but said Brewster refuses to take any steps or proceedings to erase said names, and will, in no manner, investigate the truth of the matter so presented to him; wherefore plaintiffs pray that said Brewster be ordered to show cause why he should not erase the said names from the books of registration.

The court granted a motion on the same day ordering Robert Brewster to show cause, on thirty-first October, 1884, why the relief prayed for should not be granted. On the thirty-first October, 1884, the cause was heard, defendant having filed an exception, on the grounds (1) that the court had no jurisdiction in the premises, as there is no delegation of authority by congressional enactment; (2) that the court had no jurisdiction to proceed by rule, or in a summary manner; (3) that the proceeding discloses no cause of action.

*James R. Beckwith*, for plaintiffs.

*M. J. Cunningham*, Atty. Gen., *James B. Eustis* and *L. O'Donnell*, for defendants.

PARDEE, J. The jurisdiction of this court must appear of record, and be derived from congressional enactments. There is no statute conferring jurisdiction in a matter or controversy of the kind now before me. Under title 26, Rev. St., relating to the elective franchise, the circuit court is given jurisdiction in certain elections to appoint supervisors to scrutinize the election. Under the title of "Crimes" the circuit court is given jurisdiction to try criminal violations of the laws of the United States relating to the elections of members of congress. Further than as given by these two titles, the circuit court has no jurisdiction in the matter of elections.

A plausible argument in favor of the jurisdiction might perhaps be made if congress had adopted the state statutes in relation to elections, and then a controversy involving over $500 as to private rights appeared, arising under the state law, and inferentially under the laws of the United States. In such a case the act of March 3, 1875, giving original jurisdiction to the circuit courts of the United States of all suits of a civil nature at common law or in equity where the matter in dispute exceeds the sum or value of $500, and arising under the constitution or laws of the United States, etc., might, perhaps, be successfully invoked. But we have no such case here; for it nowhere appears that congress has adopted the election and registration laws of any state, and in the present case no sum or value is suggested.

It is clear that the court is without jurisdiction, and the petition for relief is therefore refused and dismissed.